# UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
### DISTRICT OF KANSAS

259 ROBERT J. DOLE U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KS 66101

**SKYLER B. O'HARA**
CLERK
E-MAIL: Skyler_OHara@ksd.uscourts.gov
(913) 735-2220

204 U.S.COURTHOUSE
401 N. MARKET
WICHITA, KS 67202

August 20, 2025

**KIM LEININGER**
CHIEF DEPUTY CLERK
E-MAIL: Kim_Leininger@ksd.uscourts.gov
(913) 735-2205

490 U.S.COURTHOUSE
444 NE QUINCY
TOPEKA, KS 66683

**SEE NOTICE OF ELECTRONIC FILING**

Retained Counsel Appeal

RE:  Baker et al v. Watson et al.

District Court Case No.:   23-cv-4022-TC

Notice of Appeal filed by:  Plaintiffs

Fee Status:   Paid

     The following documents are for the parties in connection with the Notice of Appeal: Notice of Appeal and Copy of the Docket Sheet.

     **RETAINED** Counsel for the appellant is instructed to download the "**Initial Appeal Documents and Instructions**" for this appeal from www.ca10.uscourts.gov. In addition, counsel will need to download the "Designation of Record" form from the Tenth Circuit website. Please follow the instructions for Transcript Order Form (for Appellant only) and Docketing Statement (for Appellant only) regarding Counsel's responsibility for compliance. For specific requirements concerning transcripts, records on appeal, briefs, and appendices to briefs, please refer to the Federal Rules of Appellate Procedure and the Rules of the Tenth Circuit Court of Appeals. Rules of the Tenth Circuit are available at www.ca10.uscourts.gov.

     If you have any questions, please contact the Office of the Clerk of the U.S. Court of Appeals in Denver, Colorado at (303)844-3157.

Sincerely,
SKYLER B. O'HARA
CLERK OF COURT

By:    s/ M. Stamper
_____
Deputy Clerk

Cc: Clerk, U.S. Court of Appeals
     (Notice of Appeal, Docket Sheet, & Preliminary Record)

CLOSED,APPEAL,ETT−4D,LC2,MEDIATION,PROTO

# U.S. District Court
# DISTRICT OF KANSAS (Topeka)
# CIVIL DOCKET FOR CASE #: <ins>5:23−cv−04022−TC</ins>

Baker et al v. Watson et al                          Date Filed: 04/03/2023
Assigned to: District Judge Toby Crouse            Date Terminated: 07/22/2025
 related Case:  5:23−cv−04110−JAR−GEB              Jury Demand: Plaintiff
Cause: 42:1983 Civil Rights Act                    Nature of Suit: 440 Civil Rights: Other
                                                    Jurisdiction: Federal Question

**<ins>Plaintiff</ins>**

**Terri E. Baker**                    represented by   **Linus L. Baker**
*Individually, and by and through his next*            Linus L. Baker
*friend*                                               6732 West 185th Terrace
*minor*                                                Stillwell, KS 66085−8922
S. B.                                                  913−486−3913
                                                       Fax: 913−232−8734
                                                       Alternative Phone:
                                                       Cell Phone:
                                                       Email: linusbaker@prodigy.net
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Number: 18197*
                                                       *Bar Status: Active*

**<ins>Plaintiff</ins>**

**CarrieAnn Baumgarten**              represented by   **Linus L. Baker**
*TERMINATED: 06/25/2024*                               (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Number: 18197*
                                                       *Bar Status: Active*

**<ins>Plaintiff</ins>**

**Baumgarten Academy**               represented by   **Linus L. Baker**
*TERMINATED: 06/25/2024*                               (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Number: 18197*
                                                       *Bar Status: Active*

**<ins>Plaintiff</ins>**

**Heritage House**                   represented by   **Linus L. Baker**
*TERMINATED: 06/25/2024*                               (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Number: 18197*
                                                       *Bar Status: Active*

V.

**Defendant**

**Randall D. Watson**
*Kansas Commissioner of Education, in his official capacity*
***TERMINATED: 06/25/2024***

represented by **Gregory P. Goheen**
McAnany, Van Cleave & Phillips, PA – KCK
10 E. Cambridge Circle Drive, Suite 300
Kansas City, KS 66103
913–371–3838
Fax: 913–371–4722
Alternative Phone:
Cell Phone:
Email: ggoheen@mvplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 16291*
*Bar Status: Active*

**Richard S. Gordon**
Kansas State Department of Education
900 SW Jackson Street, Suite 102
Topeka, KS 66612
785–296–3204
Fax: 785–296–7933
Alternative Phone: 785–215–1131
Cell Phone: 785–215–1131
Email: sgordon@ksde.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 23858*
*Bar Status: **Terminated***

**Defendant**

**Mark Schmidt**
*in his official capacity, as special needs administrator for Blue Valley Unified School District, USD 229*

represented by **Angus W. Dwyer**
Spencer Fane, LLP – KC
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
816–474–8100
Fax: 816–474–3216
Alternative Phone: 816–292–8274
Cell Phone:
Email: adwyer@spencerfane.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 26995*
*Bar Status: Active*

**Stephanie Lovett–Bowman**
Spencer Fane, LLP – KC
1000 Walnut Street, Suite 1400

Kansas City, MO 64106
816–292–8216
Fax: 816–474–3216
Alternative Phone:
Cell Phone:
Email: slovettbowman@spencerfane.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 24842*
*Bar Status: Active*

**W. Joseph Hatley**
Spencer Fane, LLP – KC
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
816–292–8392
Fax: 816–474–3216
Alternative Phone:
Cell Phone:
Email: jhatley@spencerfane.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 12929*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 04/03/2023 | 1 | COMPLAINT with trial location of Topeka (Filing fee $402, Internet Payment Receipt Number AKSDC–6027396.), filed by Baumgarten Academy, Carrieann Baumgarten, Terri E. Baker, Heritage House. (Baker, Linus) (Additional attachment added on 4/3/2023: # 1 *corrected Main Document*) (jk) Modified on 4/3/2023 to restrict original filing and to remove minor child's name from filers. (jk) (Entered: 04/03/2023) |
| 04/03/2023 | 2 | CIVIL COVER SHEET by Plaintiffs Terri E. Baker, Carrieann Baumgarten, Baumgarten Academy, Heritage House. (Baker, Linus) (Additional attachment added on 4/3/2023: # 1 *corrected Main Document*) (jk) Modif on 4/3/2023 to restrict original filing and to remove minor child's name from filers. (jk) (Entered: 04/03/2023) |
| 04/03/2023 | 3 | DESIGNATION OF PLACE OF TRIAL filed by Plaintiffs Terri E. Baker, Carrieann Baumgarten, Baumgarte Academy, Heritage House – trial to be held in Topeka. (Baker, Linus) (Additional attachment added on 4/3/20 # 1 *corrected Main Document*) (jk) Modified on 4/3/2023 to restrict original filing and to remove minor chil name from filers. (jk) (Entered: 04/03/2023) |
| 04/03/2023 | 4 | CORPORATE DISCLOSURE STATEMENT by Baumgarten Academy, Heritage House identifying none as corporate parent. (Baker, Linus) (Additional attachment(s) added on 4/3/2023: # 1 *corrected Main Document* (jk). Modified on 4/3/2023 to restrict original filing that contained minor child's name. (jk) (Entered: 04/03/202 |
| 04/03/2023 | | NOTICE OF JUDGE ASSIGNMENT: Case assigned to District Judge Toby Crouse and Magistrate Judge Ter J. James for all proceedings. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)<br><br>**NOTICE OF MAGISTRATE JUDGE AVAILABILITY: A United States magistrate judge is available t conduct all proceedings in this civil action if all parties voluntarily consent. Information & consent form** |

| | | are available at http://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-jud (jk) (Entered: 04/03/2023) |
|---|---|---|
| 04/03/2023 | | SUMMONS ISSUED as to Mark Schmidt, Randall D. Watson (issued to Attorney for service). Notice, Consen and Reference of a Civil Action to a Magistrate Judge Form provided to counsel for service with complaint. (T is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (jk) (Entered: 04/03/2023) |
| 04/18/2023 | 5 | ENTRY OF APPEARANCE by W. Joseph Hatley on behalf of Mark Schmidt. (Hatley, W.) (Entered: 04/18/2023) |
| 04/18/2023 | 6 | ENTRY OF APPEARANCE by Stephanie Lovett-Bowman on behalf of Mark Schmidt. (Lovett-Bowman, Stephanie) (Entered: 04/18/2023) |
| 04/18/2023 | 7 | ENTRY OF APPEARANCE by Angus W. Dwyer on behalf of Mark Schmidt. (Dwyer, Angus) (Entered: 04/18/2023) |
| 04/18/2023 | 8 | CLERKS ORDER EXTENDING TIME until 5/12/2023 for Defendant Mark Schmidt to answer or otherwise plead. Signed by deputy clerk on 4/18/2023. (jsh) (Entered: 04/18/2023) |
| 04/26/2023 | 9 | CLERKS ORDER EXTENDING TIME until 5/11/2023 for Defendant Randall D. Watson to answer or otherw plead. Signed by deputy clerk on 4/26/2023. (jsh) (Entered: 04/26/2023) |
| 05/11/2023 | 10 | MOTION for Extension of Time to File Answer re 1 Complaint by Defendant Randall D. Watson. (Motion referred to Magistrate Judge Teresa J. James.) (Goheen, Gregory) (Entered: 05/11/2023) |
| 05/12/2023 | 11 | MOTION to Dismiss by Defendant Randall D. Watson. (Goheen, Gregory) (Entered: 05/12/2023) |
| 05/12/2023 | 12 | MEMORANDUM IN SUPPORT of 11 Motion to Dismiss by Defendant Randall D. Watson. (Goheen, Gregor (Entered: 05/12/2023) |
| 05/12/2023 | 13 | AMENDED COMPLAINT against Mark Schmidt, Randall D. Watson, filed by Baumgarten Academy, CarrieAnn Baumgarten, Terri E. Baker, Heritage House. (Attachments: # 1 Exhibit B Order dismissing, # 2 Exhibit C Notice of appeal, # 3 Exhibit D ALJ ruling, # 4 Exhibit E Homeschool statutes) (Baker, Linus) (Entered: 05/12/2023) |
| 05/12/2023 | 14 | EXHIBIT A IN SUPPORT of 13 Amended Complaint by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House. (Baker, Linus) (Entered: 05/12/2023) |
| 05/15/2023 | 15 | ORDER granting 10 Defendant Randall Watson's Motion for Extension of Time to Answer. Defendant Watson hereby granted an one-day extension of time, up to and including 5/12/2023, in which to answer or otherwise plead to the 1 Complaint. Signed by Magistrate Judge Teresa J. James on 5/15/2023.(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 05/15/2023) |
| 05/26/2023 | 16 | JOINT MOTION for More Definite Statement Under Federal Rule 8(a)(2) and Federal Rule 12(e) by Defenda Mark Schmidt. (Lovett-Bowman, Stephanie) (Entered: 05/26/2023) |
| 05/26/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 16 Joint MOTION for More Definite Statement *Under Federal Rule 8(a)(2) and Federal Rule 12(e).* The motion will be resolved by the Distric Judge.**(hmg) (Entered: 05/26/2023) |
| 05/30/2023 | 17 | OPPOSITION by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House re Motion for More Definite Statement. (Attachments: # 1 Exhibit Appellant Brief, # 2 Exhibit BV Appellee Brie 3 Exhibit Reply Brief)(Baker, Linus) (Entered: 05/30/2023) |
| 06/13/2023 | 18 | REPLY TO RESPONSE TO MOTION by Defendants Mark Schmidt, Randall D. Watson re 16 Motion for Mo Definite Statement. (Lovett-Bowman, Stephanie) (Entered: 06/13/2023) |

| 06/14/2023 | 19 | ORDER denying as moot 11 Motion to Dismiss; and denying 16 Joint Motion for More Definite Statement Un[...] Federal Rule 8(a)(2) and Federal Rule 12(e). Signed by District Judge Toby Crouse on 6/14/2023. (kas) (Enter[...] 06/14/2023) |
|---|---|---|
| 06/14/2023 | 20 | INITIAL ORDER REGARDING PLANNING AND SCHEDULING: Scheduling Conference set for 8/1/2023[...] 11:00 AM in KC Courtroom 236 (TJJ) before Magistrate Judge Teresa J. James. Rule 26 Planning Conference [...] Deadline 7/11/2023. Rule 26 Initial Disclosures and Proposed Scheduling Order due 7/24/2023. Signed by Magistrate Judge Teresa J. James on 6/14/2023.(byk) (Entered: 06/14/2023) |
| 06/19/2023 | 21 | MOTION for Preliminary Injunction by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academ[...] Heritage House. (Baker, Linus) (Entered: 06/19/2023) |
| 06/20/2023 | 22 | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING as to 21 Motion for Prelimina[...] Injunction. Status Conference set for 6/28/2023 at 09:15 AM in Topeka Courtroom 401 (TC) before District Judge Toby Crouse. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ta[...] (Entered: 06/20/2023) |
| 06/23/2023 | 23 | MOTION to Dismiss Amended Complaint by Defendant Randall D. Watson. (Goheen, Gregory) (Entered: 06/23/2023) |
| 06/23/2023 | 24 | MEMORANDUM IN SUPPORT of 23 Motion to Dismiss by Defendant Randall D. Watson. (Goheen, Gregor[...] (Entered: 06/23/2023) |
| 06/24/2023 | 25 | OPPOSITION by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House re [...] Motion to Dismiss. (Baker, Linus) (Entered: 06/24/2023) |
| 06/28/2023 | 26 | ANSWER to 13 Amended Complaint by Mark Schmidt. (Lovett–Bowman, Stephanie) (Entered: 06/28/2023) |
| 06/28/2023 | 27 | MINUTE ENTRY for proceedings held before District Judge Toby Crouse: STATUS CONFERENCE held on [...] 6/28/2023. Parties present: Linus Baker for plaintiffs; Greg Goheen and Chase Pumford for Defendant Watson[...] Joe Hatley for Defendant Schmidt. No evidentiary hearing requested. (Court Reporter Sherry Harris.) (This is a[...] TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ta) (Entered: 06/28/2023) |
| 07/07/2023 | 28 | REPLY TO RESPONSE TO MOTION by Defendant Randall D. Watson re 23 Motion to Dismiss. (Goheen, Gregory) (Entered: 07/07/2023) |
| 07/07/2023 | 29 | UNOPPOSED MOTION for Leave to File an Over–Long Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction by Defendant Mark Schmidt. (Dwyer, Angus) (Entered: 07/07/2023) |
| 07/07/2023 |  | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 29 Unopposed MOTION for Leave to fil[...] an Over–Long Brief in Opposition to 21 Plaintiff's Motion for Preliminary Injunction. The motion will b[...] resolved by the District Judge.(byk)** (Entered: 07/07/2023) |
| 07/07/2023 | 30 | ORDER denying Defendant Blue Valley's motion to exceed page limits, Doc. 29 . Blue Valley seeks leave to f[...] a response to Plaintiffs' 15–page motion for preliminary injunction "with an argument of up to twenty (20) pag[...] in length." Doc. 29 at 1 (emphasis added). Under D. Kan. R. 7.1(d)(3), responsive briefs "must not exceed 15 pages." Thus, that page limit refers to the entire brief, not merely the argument. Blue Valley has not explained [...] why it cannot comply with that limit when Plaintiffs' brief has done so. Its motion, Doc. 29 , is therefore denie[...] Signed by District Judge Toby Crouse on 7/7/23. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ta) (Entered: 07/07/2023) |
| 07/07/2023 | 31 | RESPONSE by Defendant Randall D. Watson re 21 Motion for Preliminary Injunction. (Goheen, Gregory) (Entered: 07/07/2023) |
| 07/10/2023 | 32 | MEMORANDUM IN OPPOSITION by Defendant Mark Schmidt re 21 Motion for Preliminary Injunction. (Lovett–Bowman, Stephanie) (Entered: 07/10/2023) |

| 07/12/2023 | 33 | REPLY TO RESPONSE TO MOTION by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House re 21 Motion for Preliminary Injunction. (Baker, Linus) (Entered: 07/12/2023) |
| 07/14/2023 | 34 | REPLY TO RESPONSE TO MOTION by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House re 21 Motion for Preliminary Injunction. (Baker, Linus) (Entered: 07/14/2023) |
| 07/24/2023 | 35 | CERTIFICATE OF SERVICE of Initial Disclosures by Mark Schmidt. (Lovett–Bowman, Stephanie) (Entered: 07/24/2023) |
| 07/25/2023 | 36 | NOTICE OF SERVICE by Randall D. Watson of Rule 26(a)(1) Disclosures. (Goheen, Gregory) (Entered: 07/25/2023) |
| 07/29/2023 | 37 | CERTIFICATE OF SERVICE of Admission Interrogatories Request for Documents by Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House. (Baker, Linus) (Entered: 07/29/2023) |
| 08/01/2023 | 38 | MINUTE ENTRY for proceedings held before Magistrate Judge Teresa J. James: SCHEDULING CONFERENCE held on 8/1/2023. Scheduling Order and Discovery Order to follow. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 08/01/2023) |
| 08/02/2023 | 39 | CERTIFICATE OF SERVICE of Request for Admissions by Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House. (Baker, Linus) (Entered: 08/02/2023) |
| 08/02/2023 | 40 | CERTIFICATE OF SERVICE of Interrogatories to Def Watson by Terri E. Baker. (Baker, Linus) (Entered: 08/02/2023) |
| 08/02/2023 | 41 | CERTIFICATE OF SERVICE of Interrogatories to Def Schmidt by Terri E. Baker. (Baker, Linus) (Entered: 08/02/2023) |
| 08/03/2023 | 42 | CERTIFICATE OF SERVICE of First Requests for Production of Documents to Plaintiff Terri Baker by Mark Schmidt. (Lovett–Bowman, Stephanie) (Entered: 08/03/2023) |
| 08/03/2023 | 43 | SCHEDULING ORDER: Mediation Notice filed AND Confidential Settlement Reports emailed to Magistrate Judge by 10/11/2023. Mediation deadline 11/15/2023. Discovery deadline 1/31/2024. Proposed Pretrial Order due by 2/9/2024. Final Pretrial Conference set for 2/15/2024 at 12:00 PM (noon) in KC Courtroom 236 (TJJ) before Magistrate Judge Teresa J. James. Dispositive motion deadline 3/15/2024. Jury Trial set for 11/5/2024 at 09:00 AM in Topeka Courtroom 401 (TC) before District Judge Toby Crouse. Estimated trial time 4 days. See Scheduling Order for more deadlines and information. Signed by Magistrate Judge Teresa J. James on 8/3/202 (byk) (Entered: 08/03/2023) |
| 08/03/2023 | 44 | DISCOVERY ORDER memorializing discovery rulings made at the 8/1/2023 scheduling conference. Signed b Magistrate Judge Teresa J. James on 8/3/2023. (byk) (Entered: 08/03/2023) |
| 08/03/2023 | 45 | CERTIFICATE OF SERVICE of Interrogatories to Defendant Watson by Heritage House. (Baker, Linus) (Entered: 08/03/2023) |
| 08/03/2023 | 46 | CERTIFICATE OF SERVICE of Request for Documents to Defendant Watson by Heritage House. (Baker, Linus) (Entered: 08/03/2023) |
| 08/03/2023 | 47 | CERTIFICATE OF SERVICE of Interrogatories to Defendant Schmidt by Heritage House. (Baker, Linus) (Entered: 08/03/2023) |
| 08/07/2023 | 48 | MOTION to Bifurcate Count Seven by Defendant Mark Schmidt. (Motion referred to Magistrate Judge Teresa James.) (Dwyer, Angus) (Entered: 08/07/2023) |
| 08/07/2023 | 49 | MEMORANDUM IN SUPPORT of 48 Motion to Bifurcate Count Seven by Defendant Mark Schmidt. (Dwye Angus) (Entered: 08/07/2023) |
| 08/08/2023 | 50 | |

| | | |
|---|---|---|
| | | OPPOSITION by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House re Motion to Bifurcate Count Seven. (Baker, Linus) (Entered: 08/08/2023) |
| 08/08/2023 | 51 | JOINDER by Defendant Randall D. Watson re 48 Motion to Bifurcate Count Seven. (Goheen, Gregory) (Enter 08/08/2023) |
| 08/09/2023 | 52 | REPLY to 51 Joinder by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House. (Baker, Linus) (Entered: 08/09/2023) |
| 08/11/2023 | 53 | MOTION to Continue Trial Date by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House. (Baker, Linus) (Entered: 08/11/2023) |
| 08/11/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 53 MOTION to Continue Trial Date . Th motion will be resolved by the District Judge.(byk)** (Entered: 08/11/2023) |
| 08/14/2023 | 54 | REPLY TO RESPONSE TO MOTION by Defendant Mark Schmidt re 48 Motion to Bifurcate Count Seven. (Dwyer, Angus) (Entered: 08/14/2023) |
| 08/14/2023 | 55 | MOTION for Protective Order by Defendant Randall D. Watson. (Motion referred to Magistrate Judge Teresa James.) (Attachments: # 1 Exhibit A)(Goheen, Gregory) (Entered: 08/14/2023) |
| 08/15/2023 | 56 | ORDER expediting the briefing deadlines re 55 Defendants' Motion for Protective Order. Plaintiffs' Response deadline 8/21/2023. Defendants' Reply deadline 8/24/2023. Signed by Magistrate Judge Teresa J. James on 8/15/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(byk) (Enter 08/15/2023) |
| 08/15/2023 | 57 | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING as to 53 Motion to Continue Trial Date. Motion Hearing set for 8/22/2023 at 01:00 PM by Telephone TC – CONFERENCE LINE 1–877–402–9753 ACCESS CODE 6722344 before District Judge Toby Crouse. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ta) (Entered: 08/15/2023) |
| 08/15/2023 | 58 | RESPONSE by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House re 55 Motion for Protective Order. (Baker, Linus) (Entered: 08/15/2023) |
| 08/22/2023 | 59 | MINUTE ENTRY for proceedings held before District Judge Toby Crouse: MOTION HEARING held by Telephone on 8/22/2023 re 53 Motion to Continue Trial Date filed by Baumgarten Academy, CarrieAnn Baumgarten, Terri E. Baker, and Heritage House. The Court grants 53 Motion to Continue Jury Trial. Jury Tria is set to begin 3/4/2025 at 09:00 AM in Topeka Courtroom 401 (TC) before District Judge Toby Crouse. (Cour Reporter Sherry Harris.) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry (ta) (Entered: 08/22/2023) |
| 08/23/2023 | 60 | REPLY in Support of 51 Joinder to 48 Motion to Bifurcate Count Seven by Defendant Randall D. Watson. (Goheen, Gregory) (Entered: 08/23/2023) |
| 08/24/2023 | 61 | REPLY TO RESPONSE TO MOTION by Defendant Randall D. Watson re 55 Motion for Protective Order. (Goheen, Gregory) (Entered: 08/24/2023) |
| 08/28/2023 | 62 | NOTICE of Hearing: Motion Hearing on 48 Motion to Bifurcate Count Seven set for 8/29/2023 at 10:00 AM b telephone before Magistrate Judge Teresa J. James. Participants must dial CONFERENCE LINE 1–888–363–4749 and enter ACCESS CODE 4901386 to join the conference.  THIS IS AN OFFICIAL NOTIC FOR THIS HEARING. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry. (byk) (Entered: 08/28/2023) |
| 08/28/2023 | 63 | MEMORANDUM AND ORDER granting in part and denying in part 55 Defendants' Motion for Protective Order. The Court will enter the protective order proposed by Defendants, but with revisions clarifying the type records covered by (1) FERPA are under the definition of "education records," and (2) the Kansas Student Dat Privacy Act are under the definition of "student data"in K.S.A. 72–6313(h). Signed by Magistrate Judge Teresa |

| | | James on 8/28/2023.(byk) (Entered: 08/28/2023) |
|---|---|---|
| 08/28/2023 | 64 | PROTECTIVE ORDER limiting the disclosure, dissemination, and use of certain identified categories of confidential information, revised in accordance with 63 Memorandum and Order. Signed by Magistrate Judge Teresa J. James on 8/28/2023. (byk) (Entered: 08/28/2023) |
| 08/28/2023 | 65 | MOTION for Judgment on the Administrative Record on Count VII by Defendant Mark Schmidt. (Lovett–Bowman, Stephanie) (Entered: 08/28/2023) |
| 08/28/2023 | 66 | MEMORANDUM IN SUPPORT of 65 Motion for Judgment on the Administrative Record on Count VII by Defendant Mark Schmidt. (Attachments: # 1 Exhibit 1 – Hearing Officer Appointment Letter, # 2 Exhibit 2 – Response to Due Process Complaint, # 3 Exhibit 3 – Notice of Insufficient Due Process Complaint, # 4 Exhibit – April 10 E–mail from Linus Baker to Lloyd Swartz, # 5 Exhibit 5 – Hearing office Order dismissing due process complaint, # 6 Exhibit 6 – Parents' Notice of appeal, # 7 Exhibit 7 – OAH Review Decision)(Lovett–Bowman, Stephanie) (Entered: 08/28/2023) |
| 08/29/2023 | 67 | MINUTE ENTRY for proceedings held before Magistrate Judge Teresa J. James: MOTION HEARING held b telephone on 8/29/2023 re 48 Motion to Bifurcate Count Seven. Orders to follow. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 08/29/2023) |
| 08/29/2023 | 68 | CERTIFICATE OF SERVICE of Initial Disclosure Document Production by Mark Schmidt. (Lovett–Bowman, Stephanie) (Entered: 08/29/2023) |
| 08/30/2023 | 69 | MOTION for Leave to File First Amended Answer to Plaintiffs' Amended Complaint by Defendant Mark Schmidt. (Motion referred to Magistrate Judge Teresa J. James.) (Attachments: # 1 Exhibit 1 – BV's First Amended Answer to Amended Complaint, # 2 Exhibit 2 – Redline)(Lovett–Bowman, Stephanie) (Entered: 08/30/2023) |
| 09/01/2023 | 70 | ORDER finding as moot 48 Motion to Bifurcate Count VII. Signed by Magistrate Judge Teresa J. James on 9/1/2023. (byk) (Entered: 09/01/2023) |
| 09/05/2023 | 71 | CERTIFICATE OF SERVICE of Responses and Objections to Terri Baker, Heritage House, Baumgarten Academy and Carrieann Baumgarten's Requests for Admission and Answers and Objections to Terri Baker's Interrogatories by Randall D. Watson. (Goheen, Gregory) (Entered: 09/05/2023) |
| 09/05/2023 | 72 | CERTIFICATE OF SERVICE of Answers to Interrogatories by Mark Schmidt. (Dwyer, Angus) (Entered: 09/05/2023) |
| 09/06/2023 | 73 | CERTIFICATE OF SERVICE of Responses and Objections to Plaintiff Heritage House's Requests for Production and Answers and Objections to Plaintiff Heritage House's Interrogatories by Randall D. Watson. (Goheen, Gregory) (Entered: 09/06/2023) |
| 09/15/2023 | 74 | ORDER granting as unopposed 69 Defendant Blue Valley U.S.D. 229's (Mark Schmidt) Motion for Leave to F First Amended Answer to Plaintiffs' Amended Complaint. Defendant is hereby granted leave to file its [69–1] proposed First Amended Answer to 13 Plaintiffs' Amended Complaint and shall file it within 5 days of this Or as required by D. Kan. Rule 15.1(b). Signed by Magistrate Judge Teresa J. James on 9/15/2023. (This is a TEX ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 09/15/2023) |
| 09/15/2023 | 75 | FIRST AMENDED ANSWER 13 Amended Complaint by Mark Schmidt. (Lovett–Bowman, Stephanie) (Entered: 09/15/2023) |
| 09/15/2023 | 76 | MOTION to Change Trial Location by Defendant Mark Schmidt. (Motion referred to Magistrate Teresa James.) (Lovett–Bowman, Stephanie) (Entered: 09/15/2023) |
| 09/15/2023 | 77 | CERTIFICATE OF SERVICE of Bates–stamped copy of all documents produced by Plaintiffs by Mark Schm (Lovett–Bowman, Stephanie) (Entered: 09/15/2023) |

| 09/18/2023 | 78 | OBJECTIONS to Incomplete Record and OPPOSITION by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House re 65 Motion for Judgment on the Administrative Record on Count VII (Attachments: # 1 Exhibit administrative record) (Baker, Linus) (Entered: 09/18/2023) |
| --- | --- | --- |
| 09/19/2023 | 79 | OPPOSITION by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House re Motion to Change Trial Location. (Baker, Linus) (Entered: 09/19/2023) |
| 09/22/2023 | 80 | REPLY TO RESPONSE TO MOTION by Defendant Mark Schmidt re 76 Motion to Change Trial Location. (Lovett–Bowman, Stephanie) (Entered: 09/22/2023) |
| 10/02/2023 | 81 | REPLY TO RESPONSE TO MOTION by Defendant Mark Schmidt re 65 Motion for Judgment on the Administrative Record on Count VII. (Lovett–Bowman, Stephanie) (Entered: 10/02/2023) |
| 10/03/2023 | 82 | NOTICE by Defendant Mark Schmidt of taking deposition of Duces Tecum of Plaintiff Terri Baker on November 15, 2023. (Lovett–Bowman, Stephanie) (Entered: 10/03/2023) |
| 10/04/2023 | 83 | NOTICE of Hearing: DISCOVERY STATUS CONFERENCE set for 10/18/2023 10:00 AM (central time) before Magistrate Judge Teresa J. James and will be held via Zoom videoconference. Chambers will email all counsel of record a Zoom link and instructions prior to the conference. Any discovery dispute statements (not exceeding 3 pages) and copies of any disputed discovery responses/objections will be due by email to chambers by 10:00 AM on 10/16/2023. THIS IS AN OFFICIAL NOTICE FOR THIS HEARING. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 10/04/2023) |
| 10/05/2023 | 84 | ORDER EXTENDING MEDIATION DEADLINE. Upon the parties' joint request, the deadline for the parties to complete mediation is hereby extended to 11/21/2023. Signed by Magistrate Judge Teresa J. James on 10/5/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(byk) (Entered: 10/05/2023) |
| 10/11/2023 | 85 | JOINT MEDIATION NOTICE – Mediation to be held November 21, 2023 by Mark Schmidt. (Dwyer, Angus) (Entered: 10/11/2023) |
| 10/18/2023 | 86 | ORDER CONTINUING DISCOVERY STATUS CONFERENCE. Discovery Status Conference before Magistrate Judge Teresa J. James continued to 10/25/2023 at 10:00 AM (central time) and will be held by Zoom videoconference. Chambers will email all counsel of record a Zoom link and instructions prior to the conference. Any updates to discovery dispute statements already submitted due 24 hours prior to the conference. Signed by Magistrate Judge Teresa J. James on 10/18/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(byk) (Entered: 10/18/2023) |
| 10/25/2023 | 87 | MINUTE ENTRY for proceedings held before Magistrate Judge Teresa J. James: DISCOVERY STATUS CONFERENCE held on 10/25/2023. Order to follow. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 10/25/2023) |
| 10/25/2023 | 88 | DISCOVERY STATUS CONFERENCE ORDER. Plaintiffs shall have until 11/8/2023 to serve amended versions of the disputed Interrogatories upon Defendant Watson. Defendant Watson shall serve his amended Interrogatory answers and objections no later than 11/22/2023. If necessary and after further conferring, Plaintiffs shall file their motion to compel discovery no later than 11/30/2023. Signed by Magistrate Judge Teresa J. James on 10/25/2023.(byk) (Entered: 10/25/2023) |
| 11/03/2023 | 89 | CERTIFICATE OF SERVICE of revised interrogatories to Watson by Heritage House re 88 Order. (Baker, Linus) (Entered: 11/03/2023) |
| 11/27/2023 | 90 | CERTIFICATE OF SERVICE of Answers and Objections to Plaintiff Heritage House's Second Revised Interrogatories by Randall D. Watson. (Goheen, Gregory) (Entered: 11/27/2023) |
| 11/27/2023 | 91 | NOTICE by Plaintiff Terri E. Baker of taking deposition of Mark Schmidt on 12/5/2023. (Baker, Linus) (Entered: 11/27/2023) |

| 12/04/2023 | 92 | CERTIFICATE OF SERVICE of Additional Initial Disclosure Documents by Mark Schmidt. (Lovett–Bowma Stephanie) (Entered: 12/04/2023) |
| 12/05/2023 | 93 | ADR REPORT by Mark Schmidt. ADR session held 11.21.23 and conducted by Judge Paul Gurney. Results o ADR: Case did not settle. Status of litigation at time of ADR: Partial Discovery. (Lovett–Bowman, Stephanie) (Entered: 12/05/2023) |
| 12/14/2023 | 94 | CERTIFICATE OF SERVICE of Supplemental Initial Disclosure Documents by Mark Schmidt. (Lovett–Bowman, Stephanie) (Entered: 12/14/2023) |
| 12/15/2023 | 95 | MEMORANDUM AND ORDER denying without prejudice 76 Blue Valley's Motion to Change Trial Locatio Signed by Magistrate Judge Teresa J. James on 12/15/2023. (hmg) (Entered: 12/15/2023) |
| 12/21/2023 | 96 | NOTICE by Plaintiff Terri E. Baker of taking deposition of Randall Watson on January 24, 2024. (Baker, Linu (Entered: 12/21/2023) |
| 01/03/2024 | 97 | NOTICE by Defendant Randall D. Watson of taking deposition of CarrieAnne Baumgarten on January 11, 202 (Goheen, Gregory) (Entered: 01/03/2024) |
| 01/24/2024 | 98 | CERTIFICATE OF SERVICE of Amended Responses to Plaintiff Baumgarten Academy's Requests for Admission by Randall D. Watson. (Goheen, Gregory) (Entered: 01/24/2024) |
| 01/26/2024 | 99 | NOTICE OF TELEPHONE CONFERENCE: Telephone Conference set for 1/29/2024 at 11:00 AM (central time) before Magistrate Judge Teresa J. James to discuss the upcoming deadlines and settings in this case. Participants must dial CONFERENCE LINE 1–888–363–4749 and enter ACCESS CODE 4901386 to join the conference. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(byk) (Entered: 01/26/2024) |
| 01/29/2024 | 100 | MINUTE ENTRY for proceedings held before Magistrate Judge Teresa J. James: TELEPHONE CONFEREN held on 1/29/2024. Amended Scheduling Order to follow. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 01/29/2024) |
| 01/29/2024 | 101 | AMENDED SCHEDULING ORDER: Proposed Pretrial Order due 5/6/2024. Final Pretrial Conference contin to 5/14/2024 at 11:00 AM in KC Courtroom 236 (TJJ) before Magistrate Judge Teresa J. James. Dispositive motion deadline 6/17/2024. Jury Trial set for 3/4/2025 at 09:00 AM in Topeka Courtroom 401 (TC) before District Judge Toby Crouse. Estimated trial time 4 days. Signed by Magistrate Judge Teresa J. James on 1/29/2024. (byk) (Entered: 01/29/2024) |
| 04/24/2024 | 102 | NOTICE OF TELEPHONE CONFERENCE: Telephone Status/Scheduling Conference regarding the upcomin case deadlines set for 4/30/2024 at 11:00 AM (central time) before Magistrate Judge Teresa J. James. Participa must dial CONFERENCE LINE 1–888–363–4749 and enter ACCESS CODE 4901386 to join the conference. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(byk) (Entered: 04/24/2024) |
| 04/30/2024 | 103 | MINUTE ENTRY and ORDER from proceedings held before Magistrate Judge Teresa J. James: TELPHONE STATUS CONFERENCE held on 4/30/2024. Plaintiffs appeared through counsel, Linus L. Baker. Defendant Randall D. Watson, Kansas Commissioner of Education, in his official capacity appeared through counsel, Gr Goheen. Defendant Mark Schmidt, in his official capacity for Blue Valley U.S.D. 229 appeared through couns Stephanie Lovett–Bowman and W. Joseph Hatley. After hearing from the parties, the Court orders that the upcoming case deadlines for submitting a proposed pretrial order, filing dispositive motions, and the 5/14/202 Final Pretrial Conference, set in the 101 Amended Scheduling Order, are hereby held in abeyance, pending further order of the Court after the District Judge rules on one or more of the currently pending motions. Enter by Magistrate Judge Teresa J. James on 5/1/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 05/01/2024) |
| 05/09/2024 | 104 | |

| | | |
|---|---|---|
| | | JOINT MOTION to Supplement Amended Complaint by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House. (Motion referred to Magistrate Judge Teresa J. James.) (Attachments: # 1 Exhibit Supplemental Complaint Accepted, # 2 Exhibit Supplemental Complaint Redlined)(Baker, Linus) (Entered: 05/09/2024) |
| 05/23/2024 | 105 | RESPONSE by Defendant Randall D. Watson re 104 Joint Motion to Supplement Amended Complaint. (Gohe Gregory) (Entered: 05/23/2024) |
| 05/31/2024 | 106 | MOTION for Summary Judgment against Defendant Education Commissioner Randall Watson by Plaintiffs T E. Baker, Heritage House. (Attachments: # 1 Exhibit List, # 2 Exhibit sworn statement of Terri Baker, # 3 Exh 1 KSDE webpage, # 4 Exhibit 2 Commissioner webpage, # 5 Exhibit 3 HB2567, # 6 Exhibit 4 State Board Policies, # 7 Exhibit 8 KSDE webpage private schools, # 8 Exhibit 9 KSDE homeschooling, # 9 Exhibit 11 special education statutes, # 10 Exhibit 17 K.A.R. 91–40–48, # 11 Exhibit 18 K.A.R. 91–40–43, # 12 Exhibit Kansas Special Education Process Handbook Chapter 1, # 13 Exhibit 21 Non–Accredited Private School Registrations, # 14 Exhibit 24 Request for Admissions Responses, # 15 Exhibit 26 Request for Admissions Responses, # 16 Exhibit 33 Deposition of Terri Baker, # 17 Exhibit 34 Deposition of Mark Schmidt, # 18 Exhi 35 Deposition of Randall Watson, # 19 Exhibit 36 Answer of Blue Valley)(Baker, Linus) (Entered: 05/31/2024) |
| 05/31/2024 | 107 | MEMORANDUM IN SUPPORT of 106 Motion for Summary Judgment by Plaintiffs Terri E. Baker, Heritage House. (Baker, Linus) (Entered: 05/31/2024) |
| 06/14/2024 | 108 | ORDER staying all briefing on pending motion for summary judgment, Doc. 106 , until further order of the Court. Signed by District Judge Toby Crouse on 6/14/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ta) (Entered: 06/14/2024) |
| 06/25/2024 | 109 | MEMORANDUM AND ORDER granting 23 Watson's Motion to Dismiss; granting 65 Schmidt's Motion for Judgment on the Administrative Record on Count VII; denying 21 Baker's Motion for a Preliminary Injunction granting 104 Baker's Motion to Supplement; denying 106 Baker's Motion for Summary Judgment. Signed by District Judge Toby Crouse on 6/25/2024. (ca) (Entered: 06/25/2024) |
| 07/10/2024 | 110 | ORDER. Plaintiffs' Motion to Supplement, Doc. 104 , was granted on June 25, 2024. Doc. 109 . As a result, Plaintiffs' supplemented complaint, Doc. 104–1, will be considered filed as of June 25, 2024. See D. Kan. R. 15.1(b). Defendants' answer to supplemented complaint is due on July 31, 2024. Signed by District Judge Toby Crouse on 7/10/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(ta) (Entered: 07/10/2024) |
| 07/31/2024 | 111 | ANSWER to Plaintiffs' Supplemented Amended Complaint (Doc. 104–1) by Defendant Mark Schmidt. (Lovett–Bowman, Stephanie) (Entered: 07/31/2024) |
| 08/06/2024 | 112 | NOTICE OF TELEPHONE CONFERENCE: A telephone Scheduling and Status Conference is set for 8/14/20 at 11:30 AM (central time) before Magistrate Judge Teresa J. James to reset the Scheduling Order deadlines. Participants must dial CONFERENCE LINE 1–888–363–4749 and enter ACCESS CODE 4901386 to join the conference. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 08/06/2024) |
| 08/14/2024 | 113 | MINUTE ENTRY for proceedings held before Magistrate Judge Teresa J. James: TELEPHONE SCHEDULIN and STATUS CONFERENCE held on 8/14/2024. Second Amended Scheduling Order to follow. (This is a TE ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 08/14/2024) |
| 08/14/2024 | 114 | SECOND AMENDED SCHEDULING ORDER: Proposed Pretrial Order due 10/11/2024. Final Pretrial Conference set for 10/22/2024 at 11:00 AM by Telephone before Magistrate Judge Teresa J. James. Participan must dial CONFERENCE LINE 1–888–363–4749 and enter ACCESS CODE 4901386 to join the conference. Dispositive motion deadline 11/15/2024. Jury Trial set for 9/9/2025 at 09:00 AM in Topeka Courtroom 401 (T before District Judge Toby Crouse with an estimated trial time of 4 days. Signed by Magistrate Judge Teresa J. James on 8/14/2024. (byk) (Entered: 08/14/2024) |

| 10/09/2024 | 115 | MOTION for Reconsideration of Dismissal of Randall Watson in his Official Capacity (Doc. 109 ) by Plaintiff Terri E. Baker. (Baker, Linus) (Entered: 10/09/2024) |
|---|---|---|
| 10/09/2024 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to 115 Motion for Reconsideration of Dismissal of Randall Watson in his Official Capacity (Doc. 109 ). The motion will be resolved by the District Judge. (byk)** (Entered: 10/09/2024) |
| 10/22/2024 | 116 | MINUTE ENTRY and ORDER from proceedings held before Magistrate Judge Teresa J. James: FINAL PRETRIAL CONFERENCE held on 10/22/2024. Plaintiff appeared through counsel, Linus L. Baker. Defendant Schmidt appeared through counsel, Stephanie Lovett–Bowman and Melissa Hillman. The Court set a deadline of October 31, 2024 for the parties to submit their revised portions of the proposed pretrial order to the undersigned magistrate judge's chambers, copying opposing counsel on the email. If either party objects to the revised sections, counsel must email the undersigned magistrate judge's chambers explaining their objections by November 6, 2024. The Pretrial Order with the revisions discussed at the Final Pretrial Conference will be subsequently entered. Signed by Magistrate Judge Teresa J. James on 10/22/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 10/22/2024) |
| 10/23/2024 | 117 | RESPONSE by Defendant Randall D. Watson re 115 Motion for Reconsideration. (Goheen, Gregory) (Entered: 10/23/2024) |
| 11/13/2024 | 118 | PRETRIAL ORDER. Dispositive motion deadline 11/15/2024. Court Trial set for 9/9/2025 at 09:00 AM in Topeka Courtroom 401 (TC) before District Judge Toby Crouse. Estimated trial time is 4 days. Signed by Magistrate Judge Teresa J. James on 11/13/2024. (byk) (Entered: 11/13/2024) |
| 11/15/2024 | 119 | MOTION for Summary Judgment on All Claims by Defendant Mark Schmidt. (Lovett–Bowman, Stephanie) (Entered: 11/15/2024) |
| 11/15/2024 | 120 | MEMORANDUM IN SUPPORT of 119 Motion for Summary Judgment on All Claims by Defendant Mark Schmidt. (Attachments: # 1 Exhibit 1 – Depo. Transcript of Terri Baker, # 2 Exhibit 2 – Declaration of Lisa Thompson, # 3 Exhibit 3 – Depo. Transcript of Mark Schmidtr, # 4 Exhibit 4 – Declaration of Mark Schmidt)(Lovett–Bowman, Stephanie) (Entered: 11/15/2024) |
| 11/15/2024 | 121 | MOTION for Partial Summary Judgment by Plaintiff Terri E. Baker. (Attachments: # 1 Exhibit List, # 2 Exhibit 1 Kansas Handbook, # 3 Exhibit 2 Educational Directory, # 4 Exhibit 3 Dyslexia Handbook, # 5 Exhibit 4 HB 2567, # 6 Exhibit Terri Baker deposition, # 7 Exhibit 6 ParentVue, # 8 Exhibit Sworn Statement Terri Baker, # 9 Exhibit Jordan Report, # 10 Exhibit Dr. Schmidt deposition, # 11 Exhibit Commissioner Watson deposition)(Baker, Linus) (Entered: 11/15/2024) |
| 11/15/2024 | 122 | MEMORANDUM IN SUPPORT of 121 Motion for Partial Summary Judgment by Plaintiff Terri E. Baker. (Baker, Linus) (Entered: 11/15/2024) |
| 11/18/2024 | 123 | TABLE OF CONTENTS, TABLE OF AUTHORITIES, AND EXHIBIT INDEX by Defendant Mark Schmidt 120 Memorandum in Support of 119 Motion for Summary Judgment on All Claims. (Lovett–Bowman, Stephanie) Modified on 11/19/2024 to link entry to underlying motion. (jal) (Entered: 11/18/2024) |
| 12/02/2024 | 124 | JOINT MOTION for Leave to File Over–Long Briefs in Opposition to Motions for Summary Judgment (Docs 119 and 121 ) by Defendant Mark Schmidt. (Dwyer, Angus) (Entered: 12/02/2024) |
| 12/03/2024 | 125 | ORDER denying the parties' joint motion, Doc. 124 . The parties filed memoranda in support of their competing summary judgments motions that complied with local rules concerning the page limitations in D. Kan. R. 7.1(d), Docs. 120 & 122. Nonetheless, the parties now jointly request additional pages to file their responses. Doc. 124 1–2. Part of the rationale for establishing page limitations is to focus civil litigants' attention on only the material facts, relevant law, and the areas where there is a meaningful dispute. In addition, enforcing known page limitations help prevent overwhelming the record with voluminous and unnecessary legal or factual arguments and materials. *See* Hon. Michael G. Williamson, *The 3–3–3 Rule, https://www.flmb.uscourts.gov/judges/tampa/williamson/3–3–3_rule.pdf* (last visited November 22, 2024) |

| | | (attributing to Chief Justice Roberts the quip that he had never read a brief and wished it were longer). And nothing in the parties' joint motion demonstrates that they would be unable to adequately address the pertinent issues without additional pages. *Contra* Doc. 152 at 3–5. As a result, the joint request for additional pages is DENIED. Signed by District Judge Toby Crouse on 12/3/24. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ta) (Entered: 12/03/2024) |
|---|---|---|
| 12/06/2024 | 126 | MEMORANDUM IN OPPOSITION by Defendant Mark Schmidt re 121 Motion for Partial Summary Judgme (Dwyer, Angus) (Entered: 12/06/2024) |
| 12/06/2024 | 127 | MEMORANDUM IN OPPOSITION by Plaintiff Terri E. Baker re 119 Motion for Summary Judgment on All Claims. (Baker, Linus) (Entered: 12/06/2024) |
| 12/13/2024 | 128 | REPLY TO RESPONSE TO MOTION by Plaintiff Terri E. Baker re 121 Motion for Partial Summary Judgme (Baker, Linus) (Entered: 12/13/2024) |
| 12/20/2024 | 129 | REPLY TO RESPONSE TO MOTION by Defendant Mark Schmidt re 119 Motion for Summary Judgment. (Dwyer, Angus) (Entered: 12/20/2024) |
| 01/10/2025 | 130 | ORDER denying 115 Motion for Reconsideration of Dismissal of Randall Watson. Signed by District Judge Toby Crouse on 1/10/2025. (ca) (Entered: 01/10/2025) |
| 01/26/2025 | 131 | MOTION to Stay Case by Plaintiff Terri E. Baker (Attachments: # 1 Exhibit Questions Presented, # 2 Exhibit Mahmoud Petition, # 3 Exhibit Oklahoma Petition)(Baker, Linus) (Entered: 01/26/2025) |
| 02/03/2025 | 132 | MEMORANDUM IN OPPOSITION by Defendant Mark Schmidt re 131 MOTION to Stay Case (Lovett–Bowman, Stephanie) (Entered: 02/03/2025) |
| 02/03/2025 | 133 | REPLY TO RESPONSE TO MOTION by Plaintiff Terri E. Baker re: 131 Motion to Stay Case (Baker, Linus) (Entered: 02/03/2025) |
| 03/27/2025 | 134 | TRIAL ORDER: SEE ORDER FOR ADDITIONAL DEADLINE INFORMATION. Estimated trial time 4 day Jury Trial set for 9/9/2025 at 09:00 AM in Topeka Courtroom 401 (TC) before District Judge Toby Crouse. In Limine Conference set for 8/21/2025 at 01:30 PM in Topeka Courtroom 401 (TC) before District Judge Toby Crouse. Signed by District Judge Toby Crouse on 3/27/25. (ta) (Entered: 03/27/2025) |
| 03/31/2025 | 135 | ORDER denying 131 Motion to Stay Case. See Order for details. Signed by District Judge Toby Crouse on 3/31/2025. (sz) (Entered: 03/31/2025) |
| 07/11/2025 | 136 | NOTICE OF SUPPLEMENTAL AUTHORITY by Terri E. Baker re: Motion for Partial Summary Judgment 1 filed by Plaintiff Terri E. Baker (Baker, Linus) (Entered: 07/11/2025) |
| 07/11/2025 | 137 | RESPONSE to 136 Notice of Supplemental Authority *"Blue Valley U.S.D. 229'S Response to Plaintiff's Notice Supplemental Authority"* by Defendant Mark Schmidt. (Dwyer, Angus) (Entered: 07/11/2025) |
| 07/15/2025 | 138 | Final EXHIBIT LIST by Mark Schmidt.(Lovett–Bowman, Stephanie) (Entered: 07/15/2025) |
| 07/15/2025 | 139 | Final WITNESS LIST by Mark Schmidt.(Lovett–Bowman, Stephanie) (Entered: 07/15/2025) |
| 07/15/2025 | 140 | Final WITNESS & EXHIBIT LIST by Terri E. Baker.(Baker, Linus) (Entered: 07/15/2025) |
| 07/16/2025 | 141 | CERTIFICATE OF SERVICE of Amended Initial Disclosures and Supplemental Production by Mark Schmid (Lovett–Bowman, Stephanie) (Entered: 07/16/2025) |
| 07/16/2025 | 142 | CERTIFICATE OF SERVICE of Supplemental Rule 26 Disclosures by Terri E. Baker. (Baker, Linus) (Entere 07/16/2025) |
| 07/22/2025 | 143 | MEMORANDUM AND ORDER. Schmidt's 119 Motion for Summary Judgment is granted, and Baker's 121 Motion for Summary Judgment is denied as moot. Signed by District Judge Toby Crouse on 07/22/2025. (kmc |

13

| | | (Entered: 07/22/2025) |
|---|---|---|
| 07/22/2025 | 144 | JUDGMENT. Pursuant to the Court's 143 Memorandum and Order filed on July 22,2025, this case is dismisse in favor of Defendant Mark Schmidt. Signed by deputy clerk on 07/22/2025. (kmc) (Additional attachment(s) added on 7/22/2025: # 1 Correct Judgment) (kmc). (Entered: 07/22/2025) |
| 07/22/2025 | 145 | DOCKET ANNOTATION: The incorrect pdf document was attached to the original filing of 144 Judgment. T Correct pdf document has been added to that entry and is attached to this annotation for noticing purposes only (kmc) (Entered: 07/22/2025) |
| 08/20/2025 | 146 | NOTICE OF APPEAL as to 143 Memorandum and Order and 144 Judgment by Plaintiffs Terri E. Baker, CarrieAnn Baumgarten, Baumgarten Academy, Heritage House. Filing fee $605, Internet Payment Receipt Number AKSDC–6751666. (Baker, Linus) (Entered: 08/20/2025) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Terri Baker *et al*

               Plaintiff       Case No.  5:23-cv-04022

v.

Randall Watson *et al*

             Defendants

PLAINTIFFS' NOTICE OF APPEAL

All plaintiffs and each of them, Heritage House, Terri Baker, Baumgarten Academy,  and CarrieAnn Baumgarten, as named plaintiffs each appeal to the Tenth Circuit Court of Appeals from the final judgment entered on July 22, 2025, (ECF 143 and 144) in this matter, of which the appeal of that judgment is intended to bring up for review all of the previous rulings and orders that led up to and served as a predicate for that final judgment, and further appeal any and all other prior judgments, orders, and rulings entered in this action. This notice is intended to include, as broadly as possible, all of the prior rulings referenced in ECF 143/144, as well as all other judgments, orders, and rulings, and to also include (but not to the exclusion of others) all of the interlocutory and preliminary rulings, orders, and judgments in the above captioned case.

By /s/ Linus L. Baker
Linus L. Baker KS 18197
6732 West 185th Terrace
Stilwell, KS 66085-8922
Telephone: 913.486.3913
Fax: 913.232.8734
E-Mail: linusbaker@prodigy.net
Attorney for the Plaintiff

CERTIFICATE OF SERVICE

On this 20th day of August, 2025, the above document was filed with the Court's CM-ECF system which will provide notice to all counsel of record.

/s/Linus L. Baker

Linus L. Baker

In the United States District Court
for the District of Kansas

———————

Case No. 23-cv-04022-TC

———————

Terri E. Baker, et al.

*Plaintiffs*

v.

Randall D. Watson, et al.,

*Defendants*

———————

## MEMORANDUM AND ORDER

Plaintiff Terri Baker, as next friend of her son S.B., sued Mark Schmidt, the Assistant Superintendent of Special Education for Blue Valley School District. Doc. 1. She alleges that Kansas's statutory and regulatory framework for special education services violates the First and Fourteenth Amendments of the United States Constitution. *Id.* Schmidt now moves for summary judgment, Doc. 119, and Baker moves for partial summary judgment, Doc. 121. For the following reasons, Schmidt's motion is granted, and Baker's motion is denied as moot.

### I

### A

Summary judgment is proper under the Federal Rules of Civil Procedure when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" when it is necessary to resolve a claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). And disputes over material facts are "genuine" if the competing evidence would permit a reasonable jury to decide the issue in either party's favor. *Id.* Disputes—even hotly contested ones—over facts that are not essential to the claims are

1

irrelevant. *Brown v. Perez*, 835 F.3d 1223, 1233 (10th Cir. 2016). Indeed, belaboring such disputes undermines the efficiency that Rule 56 seeks to promote. *Adler*, 144 F.3d at 670.

At the summary judgment stage, material facts "must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see also* D. Kan. R. 56.1(a)–(c). To determine whether a genuine dispute exists, the court views all evidence, and draws all reasonable inferences, in the light most favorable to the nonmoving party. *See Allen v. Muskogee, Okla.*, 119 F.3d 837, 839–40 (10th Cir. 1997). That said, the nonmoving party cannot create a genuine factual dispute by making allegations that are purely conclusory, *Adler*, 144 F.3d at 671–72, 674, or unsupported by the record. *See Scott v. Harris*, 550 U.S. 372, 378–81 (2007).

In a case where the moving party does not bear the burden of persuasion at trial, the summary judgment rules require that party to show the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir. 1991); *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to dispositive matters. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

But in a case where the moving party will bear the burden of proof at trial on a particular issue, the moving party must meet "a more stringent summary judgment standard." *Pelt*, 539 F.3d at 1280; *see also Donner v. Nicklaus*, 778 F.3d 857, 876 (10th Cir. 2015) (discussing a movant with affirmative defenses). That standard requires the movant to "establish, as a matter of law, all essential elements of the issue." *Pelt*, 539 F.3d at 1280. Only then must the nonmovant "bring forward any specific facts alleged to rebut the movant's case." *Id.*

The filing of cross-motions for summary judgment does not alter this standard. Each motion—and its material facts—must "be treated separately," meaning that "the denial of one does not require the grant of another." *Atl. Richfield Co. v. Farm Credit Bank Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).

2

**B**

This is a dispute concerning the State of Kansas's provision of an appropriate education to students with specialized needs. And the parties have engaged in significant litigation to date.[1] *See* Docs. 109 & 119. But before laying out the facts and procedural history, it is useful to contextualize the dispute by briefly explaining the legal framework that Baker challenges. *See* Doc. 119 at 4–5.

**1.** The State of Kansas receives federal money under the Individuals with Disabilities Education Act (IDEA). *See* 20 U.S.C. § 1400 *et seq.* That funding comes with obligations, one of which is that Kansas must give disabled children a free appropriate public education. 20 U.S.C. § 1412(a)(1). Schools work with parents to develop an individualized education program (IEP) for children with special needs. *Honig v. Doe*, 484 U.S. 305, 311 (1988); *see M.H. v. N.Y. City Dep't of Educ.*, 685 F.3d 217, 224 (2d Cir. 2012) (describing IEPs in detail).

Kansas has codified its IDEA obligations in state law. *See* Kan. Stat. Ann. § 72-3403 *et seq.*; K.A.R. § 91-40-48. Under Kansas law, the parent of a child with an IEP must "require such child to attend school to receive the special education and related services which are indicated on the child's IEP or . . . provide for such services privately." Kan. Stat. Ann. § 72-3421. That is, parents of children with IEPs must ensure that *someone* provides their child's IEP services. *See id*; K.A.R. § 91-40-48(b).

The IEP services that Kansas provides are secular, devoid of any religious teachings. In particular, state law declares that "[n]o special education services shall be provided in connection with religious courses, devotional exercises, religious training, or any other religious activity." Kan. Stat. Ann. § 72-3463. A related regulation, K.A.R. 91-40-48, requires that special education services "to exceptional children enrolled in private schools [be] provided in a secular and nonideological manner."

**2.** Baker and her son S.B. live within the geographical boundaries of the Blue Valley School District in Kansas. Doc. 118 at ¶ 2.a.ii. Baker is a Christian, and it is her position that S.B. "has an educational need

---

[1] All references to the parties' briefs are to the page numbers assigned by CM/ECF. All facts are uncontroverted unless otherwise specified.

to learn about God and the Christian Gospel of Jesus Christ as the Messiah for all mankind." <u>Doc. 127 at</u> ¶ 5.

During the 2018-2019 and 2019-2020 school years, S.B. attended kindergarten at Wolf Springs Elementary in the Blue Valley school district. <u>Doc. 118 at</u> ¶ 2.a.v. Around May 2018, S.B. received an IEP. *Id.* at ¶ 2.a.vi. Blue Valley personnel provided secular special education services to S.B. while he attended Wolf Springs Elementary. <u>Doc. 120 at</u> ¶¶ 7, 8. Baker did not object to the special education that S.B. received at Wolf Springs, and she did not request any religious instruction for S.B. *Id.* at ¶¶ 9, 10.

S.B. did not return to a Blue Valley school for the 2020-2021 school year. <u>Doc. 120 at</u> ¶ 13. Baker told Blue Valley that she would not send S.B. to a Blue Valley school because she opposed the masking rules that Blue Valley had implemented to combat COVID-19. *Id.* at ¶ 14. She informed Blue Valley that her family would educate S.B. at home. *Id.* at ¶ 16. Blue Valley then sent Baker a letter informing her that it was Blue Valley's understanding that S.B. had withdrawn from the district and would be homeschooled, that S.B. was therefore unenrolled from Blue Valley, and that Blue Valley "stands ready, willing, and able to continue special education services as outlined on S.B.'s IEP." <u>Doc. 120-2 at 11</u>; <u>Doc. 120 at</u> ¶ 17. Baker homeschooled S.B. for the 2020-2021 school year. <u>Doc. 120 at</u> ¶ 21. S.B. also attended Wild Wilderness Kids Therapeutic Nature Center, a secular school, in the 2020-2021 school year. *Id.* at ¶¶ 21, 24, 25.

In March 2023, Baker filed a Notice of Parent's Request for a Special Education Due Process Hearing. <u>Doc. 120 at</u> ¶ 48. This Notice initiated a due process proceeding under IDEA in which Baker raised the same claims as in this litigation. <u>Doc. 120-4 at 15</u>–22. The Due Process Hearing Officer dismissed the Notice because it was impermissibly vague. <u>Doc. 120 at</u> ¶ 49. Baker appealed to an Administrative Law Judge, who upheld the Hearing Officer's decision. *Id.* at ¶ 50.

**3.** The next month, Baker and other plaintiffs filed this suit against several defendants, challenging the aforementioned restrictions in <u>K.S.A. § 72-3463</u> and K.A.R. § 91-40-48. <u>Doc. 1</u>. Initially, the number of plaintiffs, the number of defendants, and the claims at issue were wide and varied. But the claims and litigants have been winnowed

down significantly.[2] Baker is the only remaining plaintiff and Schmidt the only remaining defendant. *See* Doc. 109 (order dismissing certain claims and defendants). As Assistant Superintendent for Special Education at Blue Valley, Schmidt is responsible for implementing the Kansas statutes that Baker challenges, and Baker sued him in his official capacity. Doc. 120 at 1 n.1; Doc. 122 at ¶ 16.

Baker has four remaining claims against Schmidt. Doc. 118 at ¶ 4.a. Count I alleges that Blue Valley violated the First Amendment's Free Exercise Clause by excluding Baker from government benefits. *Id.*; Doc. 127 at 6. Specifically, Baker argues that Blue Valley forces her to choose between receiving special education services and exercising her religious beliefs. Doc. 127 at 6. Count II also alleges a violation of the Free Exercise Clause. Doc. 118 at ¶ 4.a.; Doc. 127 at 7. Baker argues that Blue Valley discriminates against religious students like S.B. who "cannot have an IEP designed to meet all of his educational needs which include morality and religion." Doc. 127 at 6. Count IV turns to the Equal Protection Clause of the Fourteenth Amendment. Doc. 118 at ¶ 4.a.; Doc. 127 at 7. Similar to Count II, Baker alleges that Blue Valley treats religious students worse than non-religious students. Doc. 127 at 7. Finally, Count V returns to the Free Exercise Clause. Doc. 118 at ¶ 4.a.; Doc. 127 at 7. Baker argues that Blue Valley impermissibly requires her to forgo her religious convictions in order to obtain special education services for S.B. Doc. 127 at 7.

Both sides now move for summary judgment. Docs. 119 & 121. Among other things, Blue Valley argues that Baker lacks standing because she has not identified an injury in fact, causation, or redressability. Doc. 120 at 13. Baker also requests summary judgment, arguing that Blue Valley's special education framework violates the Constitution. *See generally* Doc. 122.

## II

Baker asserts four constitutional claims concerning the implementation of special education services to her son. But she has failed to carry her burden of establishing that Schmidt's actions as Blue Valley's Special Education Assistant Superintendent caused her to suffer an injury in fact, leaving her without standing to pursue these claims. As a

---

[2] For a more fulsome exposition of the procedural history, see Doc. 109.

result, Schmidt's motion for summary judgment is granted, and Baker's is denied as moot.

## A

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting U.S. Const. art. III, § 2, cl. 1.); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "For there to be a case or controversy under Article III, the plaintiff must have . . . standing." *TransUnion*, 594 U.S. at 423. "Regardless of the stage of litigation at which [federal courts evaluate] standing, the standing inquiry remains focused on whether the party invoking jurisdiction had a sufficient stake in the outcome when the suit was filed." *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1162 (10th Cir. 2023). Plaintiffs "must demonstrate standing separately for each form of relief sought." *WildEarth Guardians v. Pub/Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Serv. (TOC), Inc.*, 528 U.S. 167, 185 (2000)) (internal quotation marks omitted).

Standing requires a plaintiff to have "suffered an injury in fact" that is "fairly traceable to the challenged action of the defendant" and is likely to be "redressed by a favorable decision." *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "These requirements ensure that 'the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction.'" *Looper*, 22 F.4th at 876 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

The injury in fact must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (cleaned up). For an injury to be concrete, it must be "real" rather than "abstract," but not necessarily "tangible." *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190–91 (10th Cir. 2021). In other words, "it must actually exist." *Spokeo*, 578 U.S. at 340. And "[a] statutory violation does not necessarily establish injury in fact." *Looper*, 22 F.4th at 876 (explaining that *Spokeo* and *TransUnion* recently clarified that fact). "For an injury to be particularized, it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1); *see also Spokeo*, 578 U.S. at 339. "[A]ctual or imminent [means] that the injury must have already occurred or be likely to occur soon." *Food & Drug Admin. v. All. for*

6

*Hippocratic Med.*, 602 U.S. 367, 381 (2024). And "[a]n alleged future injury is sufficiently imminent 'if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.'" *Looper*, 22 F.4th at 876 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

As to causation, the plaintiff must show that "its injury is 'fairly traceable to the challenged action'" of the defendant. *Rocky Mountain Peace & Just. Ctr. v. U.S. Fish & Wildlife Serv.*, 40 F.4th 1133, 1152 (10th Cir. 2022) (quoting *Friends of the Earth*, 528 U.S. at 180). For Article III purposes, that means "proof of a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1156 (10th Cir. 2005). To make that showing, "plaintiffs bear the burden of pleading and proving concrete facts showing that the defendant's *actual action* has caused the [harm or a] substantial risk of harm." *Rocky Mountain Peace & Just. Ctr.*, 40 F.4th at 1152 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)) (quotation marks omitted).

Regarding redressability, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1325 (10th Cir. 2022) (quoting *Lujan*, 504 U.S. at 560) (internal quotation marks omitted). In other words, "a party must show that a favorable court judgment is likely to relieve the party's injury." *WildEarth*, 690 F.3d at 1182 (quoting *City of Hugo v. Nichols (Two Cases)*, 656 F.3d 1251, 1264 (10th Cir. 2011)). "The plaintiff must show that a favorable judgment will relieve a discrete injury, although it need not relieve his or her every injury." *WildEarth*, 690 F.3d at 1182 (quoting *Nova Health Sys.*, 416 F.3d at 1158).

And finally, when assessing standing, federal courts are not to "open the door to merits considerations at the jurisdictional stage." *Smith v. Albany Cnty. Sch. Dist. No. 1 Bd. of Trs.*, 121 F.4th 1374, 1378 (10th Cir. 2024) (internal quotation marks omitted). Thus, "[f]or purposes of standing, [courts] must assume the Plaintiffs' claim has legal validity." *COPE v. Kan. State Bd. of Educ.*, 821 F.3d 1215, 1220 (10th Cir. 2016) (quoting *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1092–93 (10th Cir. 2006) (en banc)). In other words, "standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal." *Warth v. Seldin*, 422 U.S. 490, 500 (1975).

## B

Baker does not affirmatively state in any of her summary judgment pleadings what her injury is. *See generally* Docs. 122, 127, 128. At best, Baker makes a number of cursory and conclusory statements about her belief that she and/or S.B. have been wronged by a law (or laws) that she believes are unconstitutional.[3] *See, e.g.*, Doc. 122 at 16 (noting that "[Baker] and S.B. are captive to the Kansas statutory obligation to provide Special Education services to S.B., [which] is a profound burden to [Baker's] First Amendment rights and an injury."); Doc. 122 at 36 ("S.B. is injured because he has not received [special education benefits] and in the manner required. S.B. is also injured because Blue Valley targets S.B. and his religious curriculum for disfavored treatment."); Doc. 127 at 31 (arguing that "[Baker] is not required to engage in a futile and meaningless request to [Blue Valley] for it to do something it has declared it will never do . . . . That is a controversy and injury to [Baker] and S.B.").

These complaints are unsupported by facts. That is a problem because generalized grievances or concerns about the constitutionality of a law are insufficient to confer standing. *Hays*, 515 U.S. at 743 ("[W]e have repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power."). Instead, a plaintiff must allege—and at the summary judgment stage must establish with proof—that he or she has suffered a concrete, redressable injury. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, (1990) (finding no standing where the plaintiff relied on conclusory allegations); *MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1160–61 (10th Cir. 2007) ("Mere conclusory allegations with no

---

[3] While Schmidt offers a robust demonstration that Baker lacks standing because she has not identified an injury in fact, Baker's response brief never directly confronts that contention by identifying what concrete harm or harms she suffered that are or were caused by Schmidt's implementation of Kansas law. *Compare* Doc. 120 at 13 (arguing that Baker "has not actually sustained the injury in fact that allegedly supplies her standing"); *with* Doc. 127 at 27 (asserting that "[t]here are multiple injuries at work," but failing to clearly explain what they are, whether Baker has actually sustained them, and how Schmidt and/or Blue Valley caused them). That failure has made it difficult to meaningfully discern exactly what Baker's position is and why she believes she has standing. *See Murthy v. Missouri*, 603 U.S. 43, 49 (2024) (noting that plaintiffs bear the burden of establishing standing).

8

citations to the record or any legal authority for support does not constitute adequate briefing.") (quotation marks omitted).

Baker's claims fail because she points to no evidence when faced with the famous standing question: "What's it to you?" Antonin Scalia, *The Doctrine of Standing as an Essential Element of the Separation of Powers*, 17 SUFFOLK U.L. REV. 881, 882 (1983); *see also TransUnion*, 594 U.S. at 423 (noting that plaintiffs must answer Justice Scalia's question in order to "demonstrate their personal stake" in the suit). And as a result, a federal court may not entertain the substance of her claims. *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543–44 (10th Cir. 2016).

Contrasting the summary judgment evidence with the facts assumed to be true at the motion-to-dismiss stage illuminates Baker's lack of standing. Previously, Baker was found to have standing at the motion-to-dismiss stage because the well-pleaded facts, accepted as true, plausibly alleged that Blue Valley, applying the Kansas law that Baker challenges, concluded that S.B. was ineligible for special education services. *See* Doc. 109 at 15 (citing Doc. 13 at ¶ 16). Discovery, however, has failed to support that allegation: The undisputed facts in the record establish that Baker has never requested that Blue Valley provide S.B. with special education services at his current non-Blue Valley school. Doc. 120 at ¶ 33; Doc. 127 (failing to controvert). Nor has she ever requested that Blue Valley provide S.B. with any religious instruction. Doc. 120 at ¶ 38; Doc. 127 at ¶ 38 (admitting the same). Indeed, she wants someone other than Blue Valley to provide S.B. with religious instruction. Doc. 120 at ¶ 41 (admitted statement of fact that Baker does not want S.B.'s special education services to include religious teachings); *but see* Doc. 127 at ¶ 43 (noting that Baker "wants S.B. to have a curriculum that includes religion"). These facts, contrary to what Baker alleged in her Complaint, confirm that Blue Valley did not deny S.B. special education services at all, much less in violation of either the First or Fourteenth Amendments to the Constitution.

Baker attempts to avoid this result by asserting a new injury. In particular, she suggests that she was injured because Kansas will not give S.B. special education benefits at home or at a private religious school while he receives a religious curriculum. *See* Doc. 127 at ¶ 38. That argument has several failings.

For one thing, it is speculation at best. The uncontroverted facts establish that Baker never made such a request. Doc. 120 at ¶¶ 22, 33, 38; Doc. 120-1 at 18 (Baker's admission in her deposition that she has

never asked Blue Valley to provide special education services to S.B. at his current private school). And there are no facts offered to support her claim. Speculation at the summary judgment stage will not do. *Lujan*, <u>504 U.S. at 567</u> (rejecting the plaintiff's alleged injury because it was "pure speculation"); *Schutz v. Thorne*, <u>415 F.3d 1128, 1135</u> (10th Cir. 2005) (finding that the plaintiff had no standing to challenge a statute when he had not yet been affected by the statute, and noting that "[s]tanding is not conferred by conjecture or speculation") (quotation marks omitted).

And for another, alleged futility cannot establish standing. *Contra* <u>Doc. 127 at 31</u>. As the Supreme Court long ago observed, futility is not enough to establish an imminent, concrete injury. *See Lujan*, <u>504 U.S. 564</u>; *Baker v. USD 229 Blue Valley*, <u>979 F.3d 866, 875</u> (10th Cir. 2020) (rejecting the argument that it would be futile to make a request because the plaintiff believes she is "automatically disqualified").

And finally, it has been waived. Baker has not previously identified such a theory of standing and has not shown that it was viable since the outset of this suit. *See Carney v. Adams*, <u>592 U.S. 53, 59</u> (2020) (noting that the plaintiff "bears the burden of establishing standing as of the time he brought this lawsuit and maintaining it thereafter"); *Blunt v. Lower Merion Sch. Dist.*, <u>767 F.3d 247, 286</u> n.57 (3d Cir. 2014) ("A plaintiff may not effectively amend its complaint by raising a new theory of standing in its response to a motion for summary judgment. Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.") (quotation marks omitted).

### III

For the foregoing reasons, Schmidt's Motion for Summary Judgment, <u>Doc. 119</u>, is GRANTED, and Baker's Motion for Summary Judgment, <u>Doc. 121</u>, is DENIED as moot.

It is so ordered.

Date: July 22, 2025                       \_s/ Toby Crouse_____
                                          Toby Crouse
                                          United States District Judge

10

In the United States District Court
for the District of Kansas

———————————

Case No. 5:23-cv-04022-TC

———————————

TERRI E. BAKER,

*Plaintiff*

v.

MARK SCHMIDT,

*Defendant*

———————————

## JUDGMENT IN A CIVIL CASE

☐   Jury Verdict. This action came before the Court for a jury trial. The issues have been tried and the jury has rendered its verdict.

☒   Decision by the Court. This action came before the Court. The issues have been considered and a decision has been rendered.

**Pursuant to the Court's Memorandum and Order filed on July 22, 2025, this case is dismissed in favor of Defendant Mark Schmidt.**

Date:  July 22, 2025          SKYLER B. O'HARA
                              CLERK OF THE DISTRICT COURT

                              By:   s/   Traci Anderson
                                       Deputy Clerk