# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

_____

Case No. 25-3149
_____

TERRI E. BAKER,
Plaintiff-Appellant

vs.

RANDALL WATSON, et al.
Defendants-Appellees
_____

Appeal From the United States District Court for the District of Kansas

**The Honorable Toby Crouse, District Judge**
**District Court Case No. 23-4022-TC**
_____

Brief of Appellee Randall Watson, Kansas Commissioner of Education, in his Official Capacity
_____

                                  Gregory P. Goheen    # 16291
                                  McAnany, Van Cleave & Phillips, P.A.
                                  10 E. Cambridge Circle Drive, Suite 300
                                  Kansas City, Kansas  66101

                                  Attorneys for Defendant-Appellee Randall Watson, Kansas Commissioner of Education, in his Official Capacity

                                  ORAL ARGUMENT IS NOT REQUESTED

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

    Judicial Authorities ................................................................................. ii

    Constitutional and Statutory Authorities ...................................................... iii

PRIOR AND RELATED APPEALS ................................................................... iii

JURISDICTIONAL STATEMENT ......................................................................1

STATEMENT OF ISSUES ..................................................................................1

STATEMENT OF THE CASE .............................................................................1

ARGUMENTS AND AUTHORITIES .................................................................4

    A. Standard of Review.....................................................................................4

    B. The district court correctly concluded that Plaintiff lacks standing.................4

CONCLUSION ..................................................................................................10

STATEMENT REGARDING ORAL ARGUMENT ...........................................10

CERTIFICATE OF COMPLIANCE ...................................................................10

CERTIFICATE OF DIGITAL SUBMISSION ....................................................11

ADDENDUM ....................................................................................................13

ECF No. 130 Order dated 01/10/25 .......................................... Watson Addendum 1

# TABLE OF AUTHORITIES

**Judicial Authorities**

All. For Hippocratic Med., 2024 WL 2964140, at *5 ...........................................4, 5

Alvarez v. Smith, 558 U.S. 87, 93 (2009) ..............................................................10

Citizens for Const. Integrity v. United States, 57 F.4th 750, 759 (10th Cir. 2023)....6

Does 1-11 v. Bd. of Regents of Univ. of Colorado, 100 F.4th 1251, 1262 (10th Cir. 2024) ...............................................................................................................................5

Essence, Inc. v. City of Federal Heights, 285 F.3d 1272, 1281 (10th Cir. 2002) ......9

Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. ----, No. 23-235, 2024 WL 2964140, at *6 (U.S. June 13, 2024) ................................................................4

Habecker v. Town of Estes Park, 518 F.3d 1217, 1225 (10th Cir. 2008) ..................7

Hennessey v. Univ. of Kan. Hosp. Auth., 53 F.4th 516, 527 (10th Cir. 2022) .........1

K.P. v. LeBlanc, 729 F.3d 427, 437 (5th Cir. 2013)..................................................9

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) .................................5

Shields v. Pro. Bureau of Collections of Maryland, Inc., 55 F.4th 823, 827 (10th Cir. 2022) ........................................................................................................................5

Sierra Club v. United States Env't Prot. Agency, 964 F.3d 882, 888 (10th Cir. 2020) ................................................................................................................................4

Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016), as revised (May 24, 2016) ........5

Sprint Communications Co. v. APCC Services, Inc., 554 U.S. 269, 288 (2008) .....5

TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021) ..........................................4

United States v. Windsor, 570 U.S. 744, 757 (2013) ................................................6

**Constitutional and Statutory Authorities**

Fed.R.Civ.P. 12 ..........................................................................................................1

Fed.R.App.P. 4(a)(1)..................................................................................................1

K.S.A. 72-254 ........................................................................................................8

K.S.A. 72-256 ........................................................................................................8

K.S.A. 72-371 ........................................................................................................8

K.S.A. 72-3421 ......................................................................................................8

K.S.A. 72-3462 ......................................................................................................2

K.S.A. 72-3463 ...................................................................................................2, 8

K.A.R. 91-40-48....................................................................................................8

Kan.Const. Art. VI Sect. 4 ....................................................................................8

**PRIOR OR RELATED APPEALS**

There are no prior or related appeals regarding this matter.

I.   **JURISDICTIONAL STATEMENT**

As correctly determined by the district court, federal court jurisdiction is lacking in this case because Plaintiff(s)[1] have no standing to pursue the claims asserted against Defendant Watson. Order (ECF No. 130), pp. 1-2 (Supp. App. at 31); Memorandum and Order (ECF No. 109), pp. 9-14 & 23 (App. Vol. 3 at 111-116 & 125). Because a final judgment has been rendered by the district court, appellate jurisdiction is conferred by Fed.R.App.P. 4(a)(1) though subject matter jurisdiction remains lacking for the reasons stated by the district court.

II.   **STATEMENT OF THE ISSUES**

A.   Whether the district court's grant of dismissal in favor of Appellee/Defendant Randall Watson ("Defendant Watson") should be affirmed?

III.   **STATEMENT OF THE CASE**

As succinctly stated by the district court in its Memorandum and Order (ECF No. 109), pp. 12-14 (App. Vol. 3 at 111-116), the facts of this case, as they pertain to Defendant Watson, are as follows:

> "[Plaintiff] claims that she was denied state-provided special education services because of her religious beliefs. [Doc. 13 at ¶¶ 16–

---

[1]   The original lawsuit was filed by Plaintiffs Terri Baker, CarrieAnn Baumgartner and two homeschools. The district court dismissed the claims of all Plaintiffs due to lack of standing. Plaintiff Baker is the only Plaintiff who has filed an appeal. (App. Vol. 1 at 67)

1

17][App. Vol. 1 at 22]. Her son, S.B., has an IEP and may therefore be eligible for such services, even though he attends a private school. [Doc. 13 at ¶¶ 42–45][App. Vol. 1 at 28]; *see* Kan. Stat. Ann. § 72-3462 (explaining that school districts will provide services 'upon request of a parent or guardian of any [eligible] child'). But Blue Valley refused to do so: it 'has denied S.B. special needs and related services because it has conditioned those services upon unconstitutional conditions.' [Doc. 13 at ¶ 16 (emphasis added)][App. Vol. 1 at 22]. By 'unconstitutional conditions,' Baker means K.S.A. § 72-3463, which limits the religious nature of special education services. *See id.* at ¶¶ 103–04 [App. Vol. 1 at 44-45]. In short, then, Baker alleges that Blue Valley enforced Section 72-3463 to deny S.B. a benefit.

…

[Plaintiff] alleges that S.B. was injured when Blue Valley denied him special education benefits. App. Vol. 1 at 22. And she traces this injury to Watson by pointing only to Watson's abstract authority to supervise schools. For instance, she notes that "Watson's disjointed argument does not contend that [the Department] has no connections to the K.A.R. regulations, funding, or the interpretation of regulations and statues that schools (agencies) must follow." App. Vol 1 at 258. In other

2

words, Watson has something to do with local schools, so he can be held responsible for their actions.

…

Baker also argues that her injury is traceable to Watson because the Department 'states it publishes a Handbook to provide guidance, resources and supports necessary for those professionals who work to improve results for exceptional children.' App. Vol. 1 at 259 (internal quotation marks omitted). She then concludes that '[s]chools, including Blue Valley … must adhere to the [Department's] regulations as interpreted by [it] in its guidelines.' *Id.*"

The district court dismissed the claims against Defendant Baker for lack of subject matter jurisdiction due to Plaintiff's lack of standing. Memorandum and Order (ECF No. 109), pp. 9-14 & 23 (App. Vol. 3 at 111-116 & 125). Plaintiff sought reconsideration which was denied.[2] Order (ECF No. 130), pp. 1-2 (Supp. App. at 31-32). Judgment (ECF No. 145) (App. Vol. 6 at 149) was entered on July 22, 2025.

---

[2] Baker did not include a copy of this order as an attachment to her brief, nor did she include it in Appellant's Appendix. Baker's opening brief also never states whether she is appealing the January 10, 2025 order. Given the lack of clarity, the Court should regard any appeal of that order as waived. Watson has included the January 10, 2025 order in his Addendum as a relevant order under 10th Cir. R. 28.2(B).

## V. ARGUMENTS AND AUTHORITIES

### A. Standard of Review

We review a grant of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) *de novo* "but review any factual findings underlying the dismissal for clear error." Hennessey v. Univ. of Kan. Hosp. Auth., 53 F.4th 516, 527 (10th Cir. 2022).

### B. The district court correctly concluded that Plaintiff lacks standing.

With respect to standing, the district court assumed that Plaintiff Baker had sufficiently alleged an injury-in-fact, but concluded that she could not connect her alleged injuries to Defendant Watson. Memorandum and Order (ECF No. 109), p. 9 (App. Vol. 3 at 103). The district court correctly laid out the legal standard for determining whether Plaintiff had standing as follows:

> Plaintiffs must establish that they have standing to assert a claim. See Sierra Club v. United States Env't Prot. Agency, 964 F.3d 882, 888 (10th Cir. 2020); Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. ----, No. 23-235, 2024 WL 2964140, at *6 (U.S. June 13, 2024). This requirement flows from Article III of the Constitution, which "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021). A case or controversy—that is, standing—exists when a plaintiff has a "personal stake in the case." Id. (internal quotation marks omitted). This rule, as the Supreme Court has repeatedly put it, "requires a plaintiff to first answer a basic question: "What's it to you?" All. For Hippocratic Med., 2024 WL 2964140, at *5 (citation and internal quotation marks omitted); see also TransUnion LLC, 594 U.S. at 423.
>
> Plaintiffs answer that question, and thus carry their burden to establish standing, when they prove that they suffered an injury-in-fact which is fairly traceable to the defendant's actions and likely to be redressed by a favorable

4

decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). Not all alleged injuries suffice as "injury-in-fact." An injury-in-fact must be "concrete," "particularized," and "actual or imminent." TransUnion LLC, 594 U.S. at 423; Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016), as revised (May 24, 2016) (clarifying that these requirements are independent). The other two requirements, causation and redressability, often blend into a single inquiry. See All. For Hippocratic Med., 2024 WL 2964140, at *6 (citing Sprint Communications Co. v. APCC Services, Inc., 554 U.S. 269, 288 (2008)). They do so because "[i]f a defendant's action causes an injury, enjoining the action or awarding damages for the action will typically redress that injury." Id. Finally, even if a plaintiff has standing to assert one claim, he or she must satisfy the standing inquiry as to each claim separately. Shields v. Pro. Bureau of Collections of Maryland, Inc., 55 F.4th 823, 827 (10th Cir. 2022) (explaining that courts in the Tenth Circuit determine standing on a claim-by-claim basis).

Memorandum and Order (ECF No. 109), pp. 9-10 (App. Vol. 3 at 111-112).

With respect to Plaintiff Baker, the district court concluded, correctly, that "[s]he lacks standing because although Plaintiffs adequately describe an injury-in-fact, that injury is not traceable to Watson." Memorandum and Order (ECF No. 109), p. 12 (App. Vol. 3 at 114). The district court assumed that Plaintiff Baker had sufficiently identified a personal injury by claiming that she was denied state-provided special education services because of her religious beliefs. Memorandum and Order (ECF No. 109), pp. 12-13 (App. Vol. 3 at 114-115). However, as recognized by the district court, "injury-in-fact does not itself create standing." Memorandum and Order (ECF No. 109), p. 13 (App. Vol. 3 at 115) citing Does 1-11 v. Bd. of Regents of Univ. of Colorado, 100 F.4th 1251, 1262 (10th Cir. 2024). Instead, "[a]n injury must be "fairly traceable to the challenged action of the

5

defendant, and not the result of the independent action of some third party not before the court." Citizens for Const. Integrity v. United States, 57 F.4th 750, 759 (10th Cir. 2023) (citation omitted); see also United States v. Windsor, 570 U.S. 744, 757 (2013). And, as determined by the district court, "Baker cannot trace her injury to Watson." Memorandum and Order (ECF No. 109), p. 13 (App. Vol. 3 at 115).

Plaintiff Baker attempts to trace her injury, the alleged denial of special education benefits to her child by separate Defendant Blue Valley Unified School District No. 229, Johnson County, Kansas, to Defendant Watson by pointing only to Watson's abstract authority to supervise schools or, as the district court put it, "Watson has something to do with local schools, so he can be held responsible for their actions."³ Memorandum and Order (ECF No. 109), p. 13 (App. Vol. 3 at 115). However, in making this argument, Plaintiff, as again recognized by the district court, sought to impermissibly shift the burden for establishing standing from Plaintiff to Defendant Watson. Memorandum and Order (ECF No. 109), p. 13 (App. Vol. 3 at 115). Plaintiff's assertion that simply, because Defendant Watson may have had some authority, he must have exercised it in her case and caused her injury is nothing more than speculation which is insufficient to meet her burden.

---

³ Notably, the district court subsequently granted judgment in favor of separate Defendant Blue Valley which now forecloses Plaintiff's basis for her asserted injury against Defendant Watson.

Memorandum and Order (ECF No. 109), p. 13 (App. Vol. 3 at 115) <u>citing</u> <u>Habecker v. Town of Estes Park</u>, 518 F.3d 1217, 1225 (10th Cir. 2008).

The district court also rejected Plaintiff's effort to establish traceability because the Kansas State Department of Education issues guidance through a published handbook that public schools must adhere to as being too attenuated to satisfy the traceability of her alleged injury to Defendant Watson. Memorandum and Order (ECF No. 109), p. 13 (App. Vol. 3 at 115). Specifically, the district court correctly recognized that simply because Defendant Watson could exercise some authority over Defendant Blue Valley "does not mean that he has done so – nor, more importantly, that he has done so in this case and in a way that had [] injured Baker." Memorandum and Order (ECF No. 109), p. 14 (App. Vol. 3 at 116). As a result, the district court correctly concluded that Plaintiff Baker cannot trace her injury to Defendant Watson and, therefore, lacks standing to pursue claims against him.

Though not addressed in her opening brief or included in her appendix, Plaintiff sought reconsideration of the district court's dismissal of her claims against Defendant Watson which was denied. Order (ECF No. 130), pp. 1-2 (Supp App. at 31). Because Plaintiff has not appealed from or even addressed this subsequent order by the district court, her appeal of the district court's dismissal of her claims against

Defendant Watson for lack of standing should be considered waived and the district court's well-reasoned decision upheld on that basis alone.

Regardless, Plaintiff primarily addresses her claims against Defendant Watson on pages 58-65 of her opening brief. App.Brf. pp. 58-65. Essentially, Plaintiff appears to argue that the district court erred by somehow conflating whether Defendant Watson was being sued in his individual or official capacity and imposing a standing obligation – that "Plaintiffs fail to connect their alleged injury to any act or omission by Defendant Watson" – as somehow being erroneous.[4] To the extent these arguments were properly presented to the district court and have not been waived, Plaintiff's arguments are without merit. First, to even get to this argument, Plaintiff engages in a complete misrepresentation as to Kansas law and confuses issues of fact with issues of law. Nowhere is Defendant Watson alleged to have enacted (nor did he, nor does he have the authority to, enact) the complained of statutes (K.S.A. 72-3421 & K.S.A. 72-3463) as only the Kansas legislature can enact (or repeal) a statute. Nor is Defendant Watson alleged to have enacted (nor did he, nor does he have the authority to, enact) the complained of regulation (K.A.R. 91-40-48) as only the State Board of Education can promulgate (or repeal) a regulation pertaining to education in the State of Kansas. K.S.A. 72-256. Notably, the State

---

[4] It is not clear exactly where the language quoted by Plaintiff is from as the reference "Add 58 p. 11; AA 1-158" does not appear to come from the district court's orders.

Board has the express power under Kansas law to sue and be sued in its own name. K.S.A. 72-254. As a matter of law, Defendant Watson, in his official capacity or otherwise, has no power to repeal or modify the complained of statutes or regulations. See Kan.Const. Art. VI Sect. 4; K.S.A. 72-371. Moreover, Defendant Watson is not alleged to have enforced either the statutes or the regulation or the guidance handbook against any Plaintiff. K.P. v. LeBlanc, 729 F.3d 427, 437 (5th Cir. 2013) (rejecting constitutional challenge where defendant not charged under state law with enforcing provision at issue and enjoining defendant from enforcement would therefore not redress alleged injury). In fact, the statutes and regulation are not even directed at Plaintiff and do not provide funding, but, instead govern how certain services can be provided by a public school district to students attending private schools. Plaintiff's reference to a handbook issued by the Kansas State Department of Education which is issued to provide guidance to public school officials does not provide a basis to establish standing for claims against Defendant Watson. Plaintiff's claims are merely speculative and fail to satisfy their obligation to allege an actual injury. "Hypothetical or conjectural harm is not sufficient." Essence, Inc. v. City of Federal Heights, 285 F.3d 1272, 1281 (10th Cir. 2002). "[A] dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and

9

'Controversies.'" Alvarez v. Smith, 558 U.S. 87, 93 (2009). Accordingly, dismissal for lack of subject matter jurisdiction by the district court was appropriate.

## CONCLUSION

For all of the above reasons, the dismissal of Plaintiff's claims against Defendant Watson should be affirmed.

## STATEMENT REGARDING ORAL ARGUMENT

Defendant Watson does not request oral argument in this case as it does not present unique factual circumstances or applications of the law.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed.R.App.P. 32(a)(7), this certifies that this brief contains approximately 2,759 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii) as counted by the word processing program Word in Office 365, Version 2502. This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type-style requirements of volume limitations of Fed.R.App.P. 23(a)(6) because it has been prepared in proportionally spaced typeface using Word in Office 365, Version 2502 in 14 point Times New Roman font.

Respectfully submitted,

McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas  66103
Telephone:  (913) 371-3838
Telefax:       (913) 371-4722

/s/ Gregory P. Goheen
Gregory P. Goheen          # 16291

Attorneys for Defendant-Appellee Randall Watson, Kansas Commissioner of Education, in his official capacity

# CERTIFICATE OF DIGITAL SUBMISSIONS

I hereby certify that no privacy redactions were necessary and every document submitted in Digital Form or scanned PDF format is an exact copy of the written document filed with the Clerk, and;

The digital submissions have been scanned for viruses with a commercial virus scanning program, Carbon Black Cloud Protection, Version 4.0.0.1428 and according to the program, is free of viruses.

/s/ Gregory P. Goheen

# CERTIFICATE OF COUNSEL

The undersigned counsel hereby certifies to the Court that pursuant to 10TH CIR.R. 31.3(D), a separate brief is filed on behalf of Defendant Watson as Defendant Watson, as a State Commissioner of Education, has immunity defenses in contrast to the other Defendant and the claims asserted against him differ from those asserted against the other Defendant.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that pursuant to FED.R.APP.P. 25(c)(1), 25(c)(2) and 10TH CIR.R. 25.4 the above and foregoing Brief of Appellee was served electronically through the Court's ECF system on this 17th day of December, 2025, addressed to:

Linus L. Baker
6732 West 185th Terrace
Stilwell, KS 66085-8922
Attorneys for Plaintiffs-Appellants

W. Joseph Hatley
Stephanie Lovett-Bowman
Angus Dwyer
Spencer Fane, LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Attorneys for Defendant-Appellee Mark Schmidt in his official capacity for Blue Valley USD No. 229

Pursuant to 10TH CIR.R. 31.5, seven (7) copies of the above and foregoing Brief of Appellee will be deposited in the United States mail, first class, postage prepaid, to be received in the clerk's office within five (5) business days following receipt of notice that the electronic filing is compliance and addressed to:

Clerk of Court
United States Court of Appeals Tenth Circuit
Office of the Clerk
Byron White U.S. Courthouse
1823 Stout Street
Denver, Colorado 80257

/s/ Gregory P. Goheen

# ADDENDUM OF RANDALL WATSON, KANSAS COMMISSIONER OF EDUCATION, IN HIS OFFICIAL CAPACITY

ECF 130, Order, 01/10/25 .......................................................... Watson Addendum 1

**In the United States District Court
for the District of Kansas**

_____

Case No. 5:23-cv-04022-TC-TJJ

_____

TERRI E. BAKER, ET AL.,

*Plaintiffs*

v.

RANDALL D. WATSON, ET AL.,

*Defendants*

_____

**ORDER**

Plaintiff Terri Baker's claims against Defendant Randall Watson, the Kansas Commissioner of Education, were dismissed for lack of standing on June 25, 2024. Doc. 109 at 12–14. She has since filed a Motion for Reconsideration. Doc. 115. For the following reasons, that request is denied.

The request is untimely. Plaintiff Baker brought her motion pursuant to D. Kan. Rule 7.3(b)(2) & (3), which applies to "all motions in civil cases." *See* Doc. 109 at 1; D. Kan. R. 7.4. That rule, specifically 7.3, states in relevant part that, "[e]xcept for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time." D. Kan. R. 7.3. Baker's Motion to Reconsider was not filed until October 9, 2024, more than three months after the Memorandum and Order was entered. On that basis alone, her motion must be denied. *United States v. Randall*, 666 F.3d 1238, 1243 n.7 (10th Cir. 2011) (concluding that a motion for reconsideration was untimely under the same local rule mentioned here).

But even if the request was timely, the motion still fails. Reconsideration or the alteration of a judgment may be appropriate to "correct manifest errors of law or fact and to review newly discovered evidence." *Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan.

1

1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994); *see also Comm. for First Am v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992). Motions to reconsider are not, however, "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel*, 846 F. Supp. at 1483. In other words, "such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence." *Ferrell Cos. v. GreatBanc Trust Co.*, No. 20-2229, 2020 WL 6939751, at *1 (D. Kan. Nov. 25, 2020) (slip op.) (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1989)).

Baker fails to satisfy this standard. The evidence she claims to be new was available long before the original Memorandum and Order was issued. *Contra* Doc. 115 at 2. In particular, the depositions she relies on occurred more than five months before her claims were rejected. In addition, the allegedly new facts and associated arguments that form the basis of the Motion to Reconsider were already addressed and considered. *See* Doc. 109 at 13. Motions to reconsider are not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (citation and internal quotation marks omitted). But that is all Baker's pleading attempts to do. As a result, it fails. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (holding that the district court did not abuse its discretion in denying a plaintiff's motion to reconsider where it basically revisited the same issues already addressed and dismissed by the court).

For the foregoing reasons, Baker's Motion for Reconsideration, Doc. 115, is denied.

It is so ordered.

Date: January 10, 2025         <u>s/ Toby Crouse</u>
                               Toby Crouse
                               United States District Judge

2

Watson Addendum000002