

Angus Dwyer
Direct Dial: 816-292-8338
adwyer@spencerfane.com

File No. 5031532-0047

March 5, 2026

**VIA PACER**

Clerk of the Court
United States Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257-1823

**Re:**   **Baker, et al., v. Watson, et al.,** **Appellate Case 25-3149,**
**Response to Appellants' Letter of Supplemental Authority**

Dear Clerk:

I write on behalf of Appellee Mark Schmidt ("Blue Valley") to respond to the notice of supplemental authority submitted by Appellants.

Appellants' supplemental authority should not affect the outcome of the appeal. Even if Appellants were correct regarding the substance of the ruling in *Mirabelli v. Bonta*—and they are not—nothing in the outcome of that case cures the myriad procedural defects and failures to preserve arguments in Appellants' brief, as discussed in Blue Valley's response brief, which are both individually and collectively fatal to Appellants' appeal.

Regardless, Appellants' arguments misstate the facts and outcome of *Mirabelli*. As an initial matter, *Mirabelli* is a per curiam order on the Supreme Court's "emergency docket." While such decisions do "inform how a court should exercise its equitable discretion in like cases," *Trump v. Boyle*, 606 U.S. ---, 145 S.Ct. 2653, 2654 (2025), they do not represent "a ruling on the merits," *Merrill v. Milligan*, 142 S.Ct. 879 (Mem.), 879 (2022) (Kavanaugh, J., concurring), and are thus of limited value as precedent.

Moreover, the plaintiffs in *Mirabelli* were not, like Appellants, merely asserting a generalized grievance about a law with which they disagreed. Instead, two were teachers being asked to carry out the policy, Doc. 48 at 3; And two were parents who had been directly subjected to the policy, having information regarding their respective children's transitions hidden from them. *Id.* at 4-5.

Nor do the per curiam opinion's statements concerning *Mahmoud v. Taylor*, 606 U.S. 522 (2025) or the general right of parents to direct the religious upbringing of their children affect the outcome of this case. The question is whether the challenged statute and regulation limit Appellants' exercise of those rights in a way that confers standing to sue. Because they do not, the District Court properly dismissed the claims.



Respectfully, this Court should affirm the judgment of the District Court for the reasons stated in Appellees' briefs. *Mirabelli* does not change any of the underlying analysis.

Respectfully,

**SPENCER FANE LLP**

Angus Dwyer

AD/ad

cc:      Counsel via PACER