

Angus Dwyer
Direct Dial: 816-292-8338
adwyer@spencerfane.com

File No. 5031532-0047

May 1, 2026

**VIA PACER**

Clerk of the Court
United States Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257-1823

**Re:** **Baker, et al., v. Watson, et al., Appellate Case 25-3149,**
**Response to Appellants' Letter of Supplemental Authority**

Dear Clerk:

I write on behalf of Appellee Mark Schmidt ("Blue Valley") to respond to the notice of supplemental authority submitted by Appellants on April 30, 2025.

As with its prior notice, Appellants' supplemental authority should not affect the outcome of the appeal. Once again, the supplemental authority Appellants cite does nothing to cure the fatal procedural defects and failures to preserve arguments that doom Appellants' appeal.

Regardless, *First Choice Women's Resource Centers, Inc. v. Davenport*, 608 U.S. ___ (Apr. 29, 2026) does not establish that Appellants have standing. The plaintiff in *First Choice* could point to a clear injury that directly affected it—it had been served with a subpoena demanding information about their donors that directly injured "its First Amendment rights by deterring donors from associating with it." Doc. 50 at 10. The only question in *First Choice* was whether the government needed to attempt to actually enforce the subpoena in court for the injury to be non-speculative. *Id.* at 8-9. But the alleged injury giving rise to standing was both clear and targeted at the plaintiff. Here, in contrast, Appellants have never been able to identify what specific special education services they would allegedly be entitled to receive but for the policies they challenge and are thus merely asserting a generalized grievance about a law with which they disagree—which it is well established is insufficient to confer standing.

Respectfully, this Court should affirm the judgment of the District Court for the reasons stated in Appellees' briefs. *First Choice* does not change any of the underlying analysis.



Respectfully,

**SPENCER FANE LLP**

Angus Dwyer

AD/ad

cc:      Counsel via PACER

KC 25996900.1